UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


RAVANNA SPENCER,                    :
                                    :
            Plaintiff               :
                                    :     NO. 3:CV-07-101
      -vs-                           :
                                    :     (Judge Kosik)
                                    :
DERRICK ZIMMERMAN, et al.,          :
                                    :
            Defendants              :


## MEMORANDUM

Before the court are plaintiff's objections to the Report and Recommendation of Magistrate Judge Thomas M. Blewitt filed on April 29, 2008.  For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

### Background

Plaintiff, Ravanna Spencer, an inmate at the State Correctional Institution at Fayette, commenced the instant civil rights action on January 19, 2007.  The basis of plaintiff's action are incidents which allegedly occurred while he was confined at the State Correctional Institution at Camp Hill.  Named as defendants in the action were Correctional Officer Zimmerman, Correctional Officer Ayers and Lt. Kreider, all staff members of SCI-Camp Hill. The extensive procedural history of this case is set forth in detail by the Magistrate Judge and we will adopt these facts in their entirety.  Plaintiff was ultimately left to proceed on his First Amendment claim of retaliation and his Fourteenth Amendment equal protection claim against all three defendants.

On June 11, 2007, defendants filed an answer to the complaint with affirmative defenses, including immunity and a failure to exhaust administrative remedies.  Defendants filed a motion for summary judgment on October 18, 2007.  In their motion for summary judgment, defendants argued that plaintiff did not exhaust his DOC administrative remedies with respect to his equal protection and retaliation claims.

On April 29, 2008, the Magistrate Judge issued a Report and Recommendation wherein he recommended that the defendants' motion for summary judgment be granted in that plaintiff did not exhaust his administrative remedies.  On May 12, 2008, plaintiff filed objections to the Report and Recommendation.  Defendants filed a brief in opposition to the objections on May 27, 2008.

<u>Discussion</u>

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a *de novo* determination of those portions of the Report to which objections are made.  28 U.S.C. §636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. §636(b)(1); Local Rule 72.3.  Although our review is *de novo*, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  *United States v. Raddatz*, 447 U.S. 667, 676 (1980); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

Defendants seek dismissal of the claims against them on the basis that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. §1997(e)(a), which provides as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

There is a three-tiered grievance procedure available to inmates confined by the Pennsylvania Department of Corrections which is set forth in DC-ADM 804.  The three levels consist of initial review, followed by an appeal to the facility manager, and then finally an appeal to the Secretary's Office of Inmate Grievances and Appeals.

The underlying facts were set forth by the Magistrate Judge as follows:

> Plaintiff averred that a June 10, 2006 search of his cell by Defendants Zimmerman and Ayers violated DOC policy since no ranking officer was present.  Plaintiff averred that Defendant Kreider did not follow DOC policy and was grossly negligent in failing to supervise the search by Zimmerman and Ayers.  Plaintiff alleged that this was all done based on harassment, retaliation, and racial discrimination of a mentally disabled inmate. Plaintiff stated that he asked Defendant Kreider why he let Zimmerman and Ayers ransack his cell, and Kreider sang a racially derogatory song.  Plaintiff alleged that Defendants Zimmerman and Ayers put Nazi signs on his cell walls, ransacked his cell, and scattered his property around his cell, and that this was an unreasonable search in violation of the Fourth Amendment.  Plaintiff averred that Defendants Zimmerman and Ayers

issued a false misconduct against Plaintiff, and that Defendant Kreider signed off on it in order to prevent Plaintiff from filing a grievance against them, in violation of his First Amendment right. Specifically, Plaintiff alleged that Defendants issued the false misconduct against him to prevent him from filing a grievance against them, since under DOC policy, misconducts are non-grievable issues.

Plaintiff alleged racial discrimination against Defendants Zimmerman and Ayers since they wrote Nazi signs on his cell walls. Plaintiff alleged retaliation by Defendant Kreider because he filed grievances against this Defendant.  Plaintiff alleged that his First Amendment right to access to the courts was deprived since he could not file a grievance against Defendants and exhaust his Administrative remedies, and that Defendants' false misconduct against him prevented him from filing a grievance against them about their cell search because under DOC policy, misconducts are non-grievable issues.

Plaintiff alleged that Defendants violated the equal protection clause because he is a black mentally disabled person, and that Defendants treated him differently than other similar inmates, since the other inmates with disabilities did not have to worry about retaliation and being set up with a false misconduct report and slander.[1]

In the Report and Recommendation, the Magistrate Judge discusses the evidence cited by defendant which showed that while plaintiff filed two grievances, namely, Grievance Number 155041 on June 10, 2006 and Grievance Number 155353 on June 14, 2006, involving the incidents in question, plaintiff did not appeal the initial denial of the grievances.  The Magistrate Judge concluded that the defendants' uncontested evidence showed that plaintiff did

---

[1]*See*, Document 36, pp.5-6.

not exhaust his administrative remedies on the two remaining claims asserted against the defendants.

In his objections to the Report and Recommendation, plaintiff challenges the Magistrate Judge's findings that he did not comply with the exhaustion requirement.[2]  Plaintiff argues that he was not allowed to exhaust his First Amendment retaliation claim or his Fourteenth Amendment Equal Protection claim.  Specifically, he points to the fact that his grievance was rejected as raising a misconduct and that he believed that he was prohibited from appealing.  In addition, plaintiff argues that his First Amendment issue was not grievable and could not be appealed through the system because the grievance decision was favorable to him.

In opposition to plaintiff's objections, defendants argue that plaintiff initiated the grievance process, but that he failed to follow through because of alleged futility.  While plaintiff filed three grievances in close proximity to the incident of June 10, 2006, none of them were appealed to final review.  Defendants assert that two of the grievances filed within the time frame are unrelated to the instant complaint.  The grievance of June 14, 2006, complains of most of the conduct in the complaint.  It also referenced   a   misconduct   filed   against   plaintiff   which   was

---

[2]In his objections, plaintiff also challenges several procedural rulings made by the Magistrate Judge.  In particular, plaintiff objects to the Magistrate Judge's findings regarding Local Rule 56.1, statements of material fact; findings regarding subject matter jurisdiction; and findings regarding Grievance 155041.  While some of these objections may have merit, we will not specifically address these issues here because they are not pertinent to the ultimate finding of failure to exhaust.

dismissed.  The grievance coordinator rejected the grievance due to
the reference of the misconduct.  Defendants argue that plaintiff
did not resubmit an amended grievance in spite of the fact that
plaintiff had resubmitted other rejected grievances on other
occasions.  Plaintiff also did not attempt to appeal the rejection.
Defendants argue that plaintiff determined that it was futile to
pursue his administrative remedies and therefore took no action.

Before filing suit in federal court, prisoners must exhaust
their available administrative remedies.  The availability of
administrative remedies to a prisoner is a question of law.
*Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003).  In addition,
the Third Circuit Court of Appeals has held that the defendant has
the burden of pleading and proving failure to exhaust
administrative remedies as an affirmative defense in a §1983
action.  *Ray v. Kertes*, 285 F.3d 287, 295-96 (3d Cir. 2002).
Further, a grievance procedure is not available, even if one exists
on paper, if the defendant prison officials somehow prevent a
prisoner from using it.  *Mitchell v. Horn*, 318 F.3d 523 (3d Cir.
2003).  However, a futility exception to the PLRA's mandatory
exhaustion requirement is completely precluded.  *Banks v. Roberts*,
251 Fed. Appx. 774 (3d Cir. 2007)(Non-Precedential).

As the Magistrate Judge points out, the plaintiff does not
dispute that he failed to comply with the exhaustion requirement
prior to instituting the instant action.  Rather, plaintiff argues
that he was precluded from exhausting his administrative remedies

because he could not grieve a misconduct or appeal from a favorable

grievance decision.   We disagree with plaintiff's logic.

As the Magistrate Judge stated:

> The evidence is undisputed that the Plaintiff
> has not complied with the exhaustion
> requirement for either of his stated two June
> 2006 Grievances, and he is now procedurally
> defaulted from pursuing the claims contained
> in either Grievance in this Court.  Also, we
> find no merit to the Plaintiff's argument that
> he could not grieve a misconduct and that this
> rendered as futile his attempt to grieve his
> retaliation claim against Defendants regarding
> the misconduct report issued against him.  As
> stated, there is no dispute that an inmate
> cannot grieve a misconduct.  (Doc. 32, p.3).
> It is also undisputed that Plaintiff filed his
> June 14, 2006 Grievance #155353 and complained
> about Defendants' alleged June 10, 2006
> conduct which was the basis for his First
> Amendment retaliation claim against them.  It
> is further undisputed that while Plaintiff
> stated in his June 14, 2006 Grievance #155353
> that he was not grieving the misconduct issued
> against him, he also stated that he was
> grieving that the misconduct was a
> "fabrication" and "a lie" that was "perjury."
> (Doc. 29, Ex. B-2).   Plaintiff further
> complained in his June 14, 2006 Grievance
> #155353 that the Defendants' alleged conduct
> on June 10, 2006, was the result of
> retaliation and discrimination and that it
> amounted to a deprivation of his due process
> rights "by them issuing me a bogus
> misconduct." (*Id*.).
>
> As stated, Taggart[3] rejected Plaintiff's June
> 14, 2006 Grievance #155353 since part of it
> complained about a false misconduct report.
> (Doc. 29, Ex. B, ¶13.).  Notwithstanding the
> fact that Plaintiff stated in his June 14,
> 2006 Grievance #155353 that he was not
> grieving about the misconduct issued against

---

[3]Ian Taggart is the Assistant to the Superintendent at SCI-
Camp Hill.  He is also the Facility Grievance Coordinator who
rejected plaintiff's grievance because it referenced a
misconduct.

him, he also clearly complained that the
misconduct was "bogus," a "fabrication" and a
"lie" amounting to "perjury." Since Plaintiff
undisputedly referenced the misconduct report
issued against him in his June 14, 2006
Grievance #155353, Taggart rejected it.
However, this did not preclude Plaintiff from
filing any grievance about his present First
Amendment retaliation claim and his Fourteenth
Amendment Equal Protection claim. As Taggart
avers, "issues that involve misconducts
generally should be handled through other
procedures." (Doc. 29, Ex. B, ¶13).

We find that Plaintiff's circular argument as
to why he could not exhaust his present First
Amendment retaliation claim, if accepted,
would mean that any inmate alleging a First
Amendment retaliation claim based on a false
misconduct report would never have to exhaust
his DOC administrative remedies. Accepting
such an argument as Plaintiff Spencer advances
in our case would essentially nullify the
PLRA's mandatory exhaustion requirement. . . .[4]

While plaintiff argues naivete and futility, as defendants
point out, the plaintiff is an experienced litigant before this
court. Plaintiff has amended and resubmitted grievances in other
actions and has successfully exhausted his administrative remedies
in other cases. While plaintiff is _pro se_ and should be afforded
some deference, he should not be allowed to utilize the system for
his convenience and to ignore the system when he believes
exhausting his administrative remedies would be inconvenient or
futile.

Because we agree with the Magistrate Judge's conclusion that
plaintiff has failed to exhaust his administrative remedies on both
his First Amendment retaliation claim and his Fourteenth Amendment

---

[4]_See_, Document 36, pp.19-20.

Equal Protection claim against all three defendants, we will adopt the Report and Recommendation of the Magistrate Judge.  The defendants' motion for summary judgment will be granted.  An appropriate Order will follow.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


RAVANNA SPENCER,    :
          :
     Plaintiff :
          :  NO. 3:CV-07-101
    -vs-     :
          :  (Judge Kosik)
          :
DERRICK ZIMMERMAN, et al., :
          :
     Defendants


## ORDER

AND NOW, THIS 31st DAY OF JULY, 2008, IT IS HEREBY ORDERED THAT:

(1)   The Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated April 29, 2008 (Document 36) is **ADOPTED**;

(2)   The defendants' motion for summary judgment is **GRANTED**;

(3)   Judgment is hereby entered in favor of the defendants and against the plaintiff; and,

(4)   The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge.


         *s/Edwin M. Kosik*
         United States District Judge